NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH FLOWERS, | No. 17-16989 |
| Petitioner-Appellant, | D.C. No. 4:14-cv-00589-CW |
| v. | |
| F. FOULK, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Submitted May 15, 2019**
San Francisco, California

Before:     McKEOWN and GOULD, Circuit Judges, and LASNIK,*** District Judge.

Petitioner Joseph Flowers was convicted of three counts of robbery, one

count of kidnapping for robbery, and commercial burglary in Marion County

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

***        The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Superior Court on May 11, 2010. Flowers filed a federal petition for habeas corpus challenging his conviction on several grounds, including actual innocence, ineffective assistance of counsel, and multiple due process violations. The district court dismissed some claims as procedurally defaulted and denied the remaining claims on the merits. The district court granted a certificate of appealability (COA) for two claims: (1) actual innocence and (2) a due process violation based on the trial court's refusal to grant a mistrial after a prosecution witness referred to him as a parolee at large. Flowers appealed.[1] We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review de novo a district court's decision to deny a habeas petition, Leavitt v. Arave, 383 F.3d 809, 815 (9th Cir. 2004), including its determination that a claim is procedurally defaulted, Crockett v. Ray, 333 F.3d 938, 941 (9th Cir. 2003). Where a state court adjudicated the habeas petitioner's claims on the merits, we review that ruling under the "highly deferential" standard established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2241 *et seq*. Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (per curiam) (quoting

---

[1] Petitioner appealed on the certified and two uncertified issues. We treat his briefing as a request to expand the COA, and we deny it. See Ninth Cir. R. 22-1(e). The district court's correct application of a procedural bar to Flowers's right to counsel claim and its denial of his due process claim are not debatable by reasonable jurists. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Therefore, Flowers has not made a "substantial showing of the denial of a constitutional right" to justify expansion of the COA. 28 U.S.C. § 2253(c)(2).

Lindh v. Murphy, 521 U.S. 320, 333 n.7 (1997)). We may only grant habeas relief under AEDPA if the state court's adjudication on the merits (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) involved "an unreasonable determination of the facts." 28 U.S.C § 2254(d). A petitioner is not entitled to federal habeas relief unless all available state court remedies have been exhausted. 28 U.S.C § 2254(b)(1)(A).

1. In his first certified claim, Flowers contends that his alibi demonstrates his actual innocence. In support of this claim, he offers only a declaration from a family member, signed years after the crime and more than a year after the trial, stating Flowers was at the family member's Oakland address at the time the crime was committed. Flowers asserts actual innocence as a stand-alone claim under Herrera v. Collins, 506 U.S. 390 (1993), and as a gateway claim under Schlup v. Delo, 513 U.S. 298 (1995). We agree with the district court that Flowers's related ineffective assistance of counsel claim is procedurally defaulted under In re Clark, 5 Cal. 4th 750 (Cal. 1993). Petitioner did not properly raise this claim in his habeas petitions in the California Supreme Court. A successive petition based on evidence

known to Flowers at trial would be barred in state court and is thus procedurally defaulted.[2] Id.

To overcome this procedural bar, Schlup requires a showing that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." 513 U.S. at 327. When considered in light of the proof of guilt established at trial, this single declaration is not sufficient to meet Schlup's high standard. See id. at 321 (establishing that the actual innocence gateway is intentionally "rare and . . . applied [only] in the extraordinary case" (internal quotation marks omitted)). We need not address the stand-alone claim as Flowers has not satisfied the lower Schlup standard.

2. In his second certified claim, Flowers asserts that the trial court's admission of prior bad acts evidence violated his due process rights. The Supreme Court has not clearly held that admission of prior bad acts to prove propensity violates due process. See Holley v. Yarborough, 568 F.3d 1091, 1101 (9th Cir. 2009). The Ninth Circuit, however, has held that a state court's evidentiary ruling

---

[2]     Even if we were to liberally construe the prior petitions to properly exhaust the claim, it fails on the merits. The alibi evidence is insufficient to show prejudice to petitioner. Strickland v. Washington, 466 U.S. 668, 694 (1984). Because no prejudice resulted from counsel's decision not to present the alibi evidence, we also deny petitioner's request for remand for an evidentiary hearing. See Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir. 1998) (granting an evidentiary hearing when the record shows that petitioner would not be entitled to relief is "nothing more than a futile exercise").

violates a defendant's due process rights only if the admission rendered the trial "fundamentally unfair." <u>Henry v. Kernan</u>, 197 F.3d 1021, 1031 (9th Cir. 1999). Even assuming the "parolee at large" reference could form the basis of habeas relief, the error must be "assessed in the context of the other evidence presented." <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 629 (1993). We agree with the district court that admission of the improper testimony was harmless error. <u>See</u> <u>id.</u> at 637–38. Given that no details about any prior conviction were elicited, the district court immediately issued a curative instruction, and the strong evidence of Flowers's guilt presented, we conclude that the error did not have a "substantial and injurious effect or influence." <u>See</u> <u>id.</u> Accordingly, the error did not render the trial fundamentally unfair.

**AFFIRMED.**